In re Alberto DUQUE RODRIGUEZ and Domino Investments, Ltd., Debtors.

John Paul MURPHY, as Trustee for Domino, Plaintiff,

v.

Polly Lux De Hirsch MEYER, Defendant.

Bankruptcy No. 83–00903–BKC–TCB.

Adv. No. 87–0197–BKC–TCB–A.

United States Bankruptcy Court, S.D. Florida.

Aug. 27, 1987.

See also, Bkrtcy., 77 B.R. 939.

Blackwell, Walker, Fascell & Hoehl, Jeffrey B. Lathe, Miami, Fla., for plaintiff.

Wood, Lucksinger & Epsten, Martin L. Sandler and Podhurst Orseck Parks, Josefsberg, Eaton, Meadow & Olin, P.A., Miami, Fla., for defendant.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

The trustee seeks recovery of $1.43 million from defendant under 11 U.S.C. §§ 548(a)(2) and 550(a)(2) as a constructively fraudulent transfer. The trustee abandoned his remaining two counts at trial. Defendant has answered and the matter was tried May 21.

This is one of 26 similar actions against various defendants filed simultaneously by this trustee. By stipulation between the parties, the issue of insolvency on the transfer date was tried separately as to all the actions. By a separate Memorandum Decision dated June 26, 75 B.R. 829 (Bankr. S.D.Fla.1987), I have found that Domino was insolvent on the date of this transfer. (C.P. No. 12b). I now find that the trustee has failed to establish the remaining elements required under § 548(a)(2).

The trustee is required to prove (1) a transfer of an interest of the debtor in property, (2) within a year before bankruptcy, (3) for which the debtor received less than a reasonably equivalent value, and (4) that the debtor was insolvent on the date of transfer. The trustee has failed to prove the first and third elements.

The facts are essentially undisputed. On February 11, 1983, three months before bankruptcy, the debtor Domino Investments, Ltd., obtained a cashier's check from its bank payable to it for $1.43 million. The check was endorsed by the debtor to defendant and was delivered that day to defendant in exchange for 65,000 shares of the common stock of City National Bank of Miami. The stock was conveyed through a stock power executed in blank by the defendant and delivered to debtor in that form at the debtor's request. The stock power was later completed by the debtor to designate Alberto Duque rather than the debtor as the assignee. Duque in his own name had previously contracted to buy the stock from defendant.

It is undisputed that the stock was then worth the $1.43 million. I find, therefore, that the debtor received reasonably equivalent value, in the form of the stock power executed in favor of the bearer, for the money it paid. The fact that the debtor's president subsequently elected to transfer the stock without consideration to the owner of all the debtor's stock does not diminish the fact that the debtor received full consideration from defendant. If a fraudu-

lent transfer occurred, it occurred when the debtor transferred the stock to Duque.

On February 10, the day before the exchange of money for stock described above, Duque transferred $1.47 million to the debtor from three accounts which were in his name. The debtor was regularly used by him as a personal holding company through which he purchased his home, a yacht and a car. From these facts, defendant also argues that the money transferred to her was not "an interest of the debtor", but was in fact Duque's money and the debtor was a mere conduit of the funds.

An earlier decision in a companion bankruptcy in favor of a different trustee was recently reviewed in *In re Chase & Sanborn Corp*, 813 F.2d 1177, 1182 (11th Cir. 1987). The court held that there is a more stringent test for fraudulent than preferential transfers to establish the debtor's ownership of the funds transferred.

The court then said:

"In light of these facts, neither the use by the debtor of some of the funds for its own purposes nor the fact that the debtor's president ordered the transfer can overcome the overwhelming evidence that Duque, not Chase & Sanborn, controlled the transfer at issue. Accordingly, we conclude that the funds were not the property of the debtor, and thus the transfer is not avoidable."

Though the facts here are not identical, they are sufficiently similar to require the same finding.

The foregoing findings make it unnecessary to consider defendant's additional contention that Duque was the debtor's alter ego and, therefore, the corporate veil should be disregarded as between them for the purposes of this transaction. However, I agree with the trustee that the defendant has shown no basis to disregard the corporate veil. The Supreme Court of Florida, after reviewing the decisions of this State, said:

"We conclude that the district court decision directly and expressly conflicts with decisions of this Court which hold that the corporate veil may not be pierced absent a showing of improper conduct.

We decline to recede from these cases. The district court holding is quashed on this point." *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So.2d 1114, 1121 (Fla.1984). One must show that the corporation was organized or employed to mislead or defraud creditors or the corporation acted illegally. There is no such evidence here.

As is required by B.R. 9021(a), a separate judgment will be entered dismissing the complaint with prejudice. Costs may be taxed on motion.